**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.   No. CR 06-0975 LH

SERGIO SAENZ,

      Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Defendant's Motion for Reduction of Sentence (Doc. 23). On May 5, 2006, Defendant pleaded guilty to possessing with intent to distribute 50 grams and more of cocaine base (Doc. 12). On September 19, 2006, he was sentenced under the Guidelines to 121 months' imprisonment (Doc. 14). On July 17, 2008, the Court, acting *sua sponte* under 18 U.S.C. § 3582(c)(2), reduced Defendant's prison term to 120 months (Doc. 22). At the time, the amended sentence reflected the mandatory minimum penalty for Defendant's offense of conviction. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2006). In the instant motion, Defendant again invokes § 3582(c)(2) as the statutory basis for further reduction of his sentence. On consideration of Defendant's claims and arguments, the motion will be denied.

      First, Defendant's amended sentence constitutes the statutory minimum penalty, and § 3582(c)(2) authorizes reduction only where a defendant's "sentencing range . . . has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). Second, although Congress in 2010 reduced the minimum penalty for the amount of cocaine base that Defendant possessed, *see* Pub. L. No. 111-220, § 2(a)(1), 124 Stat. 2372 (2010) (codified at 21 U.S.C. § 841(b)(1)(A)(iii)), the reduction was not made retroactively applicable. *See United States v. Phillips*, No. 96-CR-389-JLK,

2011 WL 1361417, at *1, *3 n.2 (D. Colo. Apr. 11, 2011) (noting "the . . . counterproductive results these ill-advised [mandatory minimum penalty] statutes produce"); *United States v. White*, No. 08-20120-CM, 2012 WL 1080591, at *1-*2 (D. Kan. Mar. 29, 2012); *see also United States v. Reevey*, 631 F.3d 110, 114-15 (3d Cir. 2010); *United States v. Wright*, 412 F. App'x 922, 923 (8th Cir. 2011); *Davis v. United States*, No. 09-CR-3396-L-2, 2012 WL 1107735, at *2  (S.D. Cal. Apr. 2, 2012).  Because neither § 3582(c)(2) nor the 2010 amendment of § 841(b)(1)(A)(iii) allows reduction of Defendant's sentence, his motion will be denied.

    IT IS THEREFORE ORDERED that Defendant's Motion for Reduction of Sentence (Doc. 23) is DENIED.

                                                                                  */s/ LeRoy Hansen*
                                           SENIOR UNITED STATES DISTRICT JUDGE